IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:05-464-CMC |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Kevin Goodwin, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's second motion for production at Government expense of certain transcripts of proceedings held in this matter. Defendant seeks to have these materials produced at no cost "to show an inadvertent error by the Court [which] has had expost [sic] facto consequences for Movant." Mot. at 2 (Dkt. # 1076, filed Nov. 20, 2009). Defendant contends he requires copies of these transcripts because he "has significant legal issues to be addressed," and without these copies, he will be "unable to address these issues." *Id*. at 3.

Longstanding circuit precedent provides that a prisoner who requests free copies of records in his or her criminal case, whether it is a state or federal case, must show a particularized need for such records. *See Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972); *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Defendant must show some "need" for the material beyond a mere desire to comb the record in hopes of discovering some flaw. *Jones*, 460 F.2d at 152.

At the time of Defendant's plea, he faced a statutorily-mandated sentence of life imprisonment based upon the amount of "crack" cocaine with which he admitted involvement and his prior criminal record. He was advised of these penalties and admitted his involvement in a wide-ranging drug distribution conspiracy. *See* Tr. of Change of Plea Hearing (Dkt. # 839, filed Oct. 2,

1

2006). After review of the transcript (the original of which is on file with the Clerk of Court), the court finds there are no statements or information contained in this transcript which could be viewed as error, inadvertent or otherwise.

Defendant was sentenced on June 12, 2006. At sentencing, the Government moved, pursuant to 18 U.S.C. § 3553(e), for a reduction of the applicable statutory life sentence, based upon Defendant's cooperation with the Government. The motion was granted, and Defendant was sentenced to 214 months' imprisonment. *See* Judgment Order (Dkt. # 738, filed June 14, 2006). Defendant thereafter filed an appeal, but it was dismissed on Defendant's motion on October 13, 2006.

Defendant makes insufficient showing as to the alleged "inadvertent error" which he contends occurred at his Rule 11 hearing and his sentencing. Additionally, Defendant received a substantially lower sentence of imprisonment based upon his cooperation with the Government, and the amount of such a reduction was a discretionary consideration by this court. Therefore, Defendant's motion is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
December 2, 2009